Xiaoguang Chen

2007 168th Avenue NE
Bellevue, WA 98008
Phone: (646) 371-5226
Email: XiaoguangChen.work@gmail.com

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| XIAOGUANG CHEN,<br><br>　　　　　Pro Se Plaintiff,<br><br>vs.<br><br>BOX, INC.,<br><br>c/o The Corporation Trust Company<br><br>(Registered Agent)<br><br>1209 Orange Street<br><br>Wilmington, DE 19801<br><br>　　　　　Defendant | Case No.: 2:25-cv-02458-KKE<br><br><br>COMPLAINT FOR EMPLOYMENT DISCRIMINATION<br><br><br>JURY TRIAL DEMANDED |

Pro Se Plaintiff Xiaoguang Chen brings this complaint and relief as follows:

### NATURE OF ACTION

1. This is a civil action for wrongful termination based on retaliation and discrimination in violation of federal and state laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101

et seq.; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; and the Washington Law Against Discrimination (WLAD), RCW 49.60 et seq. Plaintiff alleges that Defendant Box, Inc. terminated his employment in retaliation for exercising protected rights under the FMLA and ADA, and based on his disability. The termination was pretextual, masking unlawful retaliation for Plaintiff's use of medical leave and complaints of discrimination. While Plaintiff asserts ancillary claims for race and national origin discrimination, the core of this action centers on wrongful termination arising from disability-based retaliation, as supported by the temporal proximity of Plaintiff's termination to his approved medical leaves and Defendant's use of a minor repayment issue as a pretext for dismissal. The temporal proximity between Plaintiff's protected leave and his termination—occurring while he was still on approved leave—provides strong evidence of retaliatory intent.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343. Supplemental jurisdiction exists over state law claims under 28 U.S.C. § 1367.

3.      Plaintiff filed a charge with the EEOC on February 22, 2023 (Charge No. 16D-2023-00064). The EEOC issued a Right to Sue Notice, and this Complaint is filed within 90 days of receipt.

4.      Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant conducts business here, and the effects of the termination are ongoing in Washington.

## PARTIES

5.      **Plaintiff Xiaoguang Chen** is an individual of Chinese national origin and Asian race, residing in Bellevue, Washington. He was employed by Defendant as a Software Engineer from May 2021 to January 2023.

6.      **Defendant Box, Inc.** is a Delaware corporation subject to federal and state employment laws, employing more than 15 persons at all relevant times.

## FACTUAL ALLEGATIONS

### A.  Plaintiff's Employment and Performance

7.      Plaintiff was hired as a Software Engineer in May 2021, working remotely. His performance was satisfactory, with a March 2022 review noting overall competence (4/5).

8.      Beginning December 2021, Plaintiff's new supervisor, Kyle Olivo, engaged in discriminatory conduct. This included questioning Plaintiff's immigration status despite his valid work authorization and assigning him disproportionate workloads compared to white colleagues, such as requiring Plaintiff to cover extra on-call duties for a colleague in January 2022.

### B.  Retaliatory Performance Improvement Plan and Protected Leaves

9.      In July 2022, Defendant placed Plaintiff on a Performance Improvement Plan (PIP) citing vague performance issues. This action followed Plaintiff's internal complaints about discrimination and was a pretext for retaliation.

10.      Plaintiff took approved FMLA leave from July 26 to October 17, 2022, to care for a family member. During this leave, due to Defendant's own administrative error, Defendant overpaid Plaintiff approximately $9,450. Plaintiff had timely submitted all required FMLA paperwork.

11.      Upon return on October 18, 2022, Defendant escalated harassment by demanding repayment and threatening termination if Plaintiff did not sign the PIP. Plaintiff formally complained of discrimination on October 20, 2022.

12.      Between July and October 2022, Plaintiff's mental health deteriorated significantly due to Defendant's discriminatory treatment, harassment regarding the PIP, and the coercive severance negotiations.

13.      Upon Plaintiff's return in mid-October 2022, Defendant acknowledged the error was theirs. In late October 2022, Defendant offered Plaintiff a severance package which proposed waiving the $9,450 overpayment and providing three weeks of base salary in exchange for Plaintiff's resignation

14.      The coercive nature of these negotiations, combined with the ongoing hostile work

environment, severely exacerbated Plaintiff's medical condition (depression and anxiety). As a result, the negotiations were not concluded

15. On November 4, 2022, Plaintiff started approved for ADA leave due to his disability, valid until January 26, 2023. At this time, Plaintiff explicitly requested that Defendant cease contacting him regarding the financial dispute until he recovered and returned to work, as the stress was detrimental to his health.

16. Defendant disregarded this request for reasonable accommodation. Instead of pausing the discussion or honoring the prior offer to waive the debt, Defendant retaliated by aggressively demanding repayment while Plaintiff was on protected disability leave.

17. In or around December 2022, Defendant escalated the harassment by demanding that Plaintiff repay the gross (pre-tax) amount of the overpayment using his personal net (after-tax) funds.

18. Plaintiff attempted to communicate that this demand would result in "double taxation" penalties and reiterated his request to resolve the matter upon his return to work. Defendant ignored these legitimate concerns and continued to pressure Plaintiff.

19. On January 23, 2023, Defendant terminated Plaintiff's employment while he was on ADA leave, citing "failure to cooperate" with repayment—a pretext for retaliation given the timing after protected leave.

20. This reason was pretextual. The fact that Defendant had previously offered to waive the debt indicates that the termination was not based on the money, but was retaliation for Plaintiff's refusal to accept the severance package and his subsequent use of ADA leave.

**C. Post-Termination Retaliation**

21. After termination, Defendant further retaliated by fraudulently reporting the disputed $9,450 overpayment as income on Plaintiff's W-2 forms for both 2022 and 2023.

22. This intentional misreporting has exposed Plaintiff to IRS penalties. Despite Plaintiff's requests for correction, Defendant has refused to amend the W-2 forms.

**CLAIMS FOR RELIEF**

**COUNT I: Disability Discrimination in Violation of the ADA**

23.    Plaintiff incorporates all preceding paragraphs.

24.    Plaintiff has a disability within the meaning of the ADA, specifically depression and anxiety disorder that substantially limits major life activities including thinking, concentrating, and interacting with others.

25.    Plaintiff's disability was recognized and approved for short-term disability insurance benefits.

26.    Defendant knew of Plaintiff's disability no later than November 4, 2022.

27.    Plaintiff was qualified to perform his job with or without reasonable accommodation.

28.    Plaintiff requested reasonable accommodation: that Defendant cease contact regarding the repayment dispute during his medical leave.

29.    Defendant refused this accommodation and instead escalated harassment during Plaintiff's protected medical leave.

30.    Defendant terminated Plaintiff based on his disability and failed to provide reasonable accommodations, violating 42 U.S.C. § 12112 and 42 U.S.C. § 12112(b)(5)(A).

31.    **Damages**: Lost wages, emotional distress, and exacerbation of disability.

**COUNT II: Retaliation in Violation of the ADA**

32.    Plaintiff incorporates paragraphs above. Defendant retaliated for Plaintiff's disability leave and complaints by termination and W-2 fraud, violating 42 U.S.C. § 12203.

33.    **Damages**: Compensatory and punitive damages.

**COUNT III: FMLA Interference and Retaliation**

34.    Plaintiff incorporates paragraphs above. Defendant interfered with FMLA rights by

harassing Plaintiff during leave and retaliating via termination, violating 29 U.S.C. § 2615.

35.    **Damages**: Lost wages and liquidated damages.

**COUNT IV: Wrongful Termination in Violation of Public Policy (WLAD)**

36.    Plaintiff incorporates paragraphs above. Termination for exercising protected rights violates Washington public policy under RCW 49.60.

37.    **Damages**: Economic and non-economic losses.

**COUNT V: Race and National Origin Discrimination (Title VII and WLAD)**

38.    Plaintiff incorporates paragraphs above. Defendant discriminated based on Plaintiff's Asian race and Chinese origin through biased treatment, violating 42 U.S.C. § 2000e-2 and RCW 49.60.

**Damages**: As above.

**PRAYER FOR RELIEF**

Plaintiff requests the Court:

1.    Declare Defendant violated applicable laws;

2.    Award back pay, front pay, and benefits with prejudgment interest;

3.    Compensate for emotional distress, humiliation, and exacerbation of disability;

4.    Order Defendant to issue corrected W-2 forms for tax year 2023 removing the fraudulently duplicated $9,450 income;

5.    Award damages for any tax liabilities, penalties, and accounting costs incurred due to Defendant's fraudulent W-2 reporting;

6.    Award punitive damages under federal law;

7.    Award liquidated damages under the FMLA pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

8.    Grant legal fees and costs; and

COMPLAINT                                                                        6

9.    Provide any further just relief.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: December 4, 2025

/s/ Xiaoguang Chen

Xiaoguang Chen

_____

Xiaoguang Chen

2007 168th Avenue NE

Bellevue, WA 98008

Phone: (646) 371-5226

Email: Xiaoguangchen.work@gmail.com

Pro Se Plaintiff